**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA The Bank of New York, as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-6, <br><br> Plaintiff-counter-defendant-Appellant, <br><br> v. <br><br> STAR HILL HOMEOWNERS ASSOCIATION, <br><br> Defendant-Appellee, <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br> Defendant-counter-claimant-Appellee, <br><br> and <br><br> SBW INVESTMENTS LLC; NEVADA ASSOCIATION SERVICES, INC., <br><br> Defendants. | No.  20-15798 <br><br> D.C. No. 2:16-cv-02561-RFB-BNW <br><br> MEMORANDUM[*] |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted October 2, 2023
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[**] District Judge.

The Bank of New York Mellon (BNYM) appeals the district court's summary judgment in favor of Appellees, SFR Investments Pool 1, LLC (SFR), and Star Hill Homeowners Association (the HOA) (collectively, Appellees), concluding that BNYM's claims were time-barred. Because the district court did not have the benefit of the Nevada Supreme Court's decision in *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022) (en banc), we vacate and remand for the district court to apply that ruling in the first instance.

The district court used the date of the foreclosure sale of the property as the triggering date for the statutes of limitations. However, in *Thunder Properties*, the Nevada Supreme Court concluded that a foreclosure sale alone does not trigger the running of the statute of limitations for quiet title actions. *See* 503 P.3d at 306-07. Rather, "notice of some affirmative action by the titleholder to repudiate the lien or

_____

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

that is otherwise inconsistent with the lien's continued existence" is required to trigger the running of the limitations period. *Id.* at 306.

As the district court did not consider whether Appellees affirmatively repudiated the deed of trust, remand for the district court to consider this issue in the first instance is appropriate. *See Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1265 (9th Cir. 2016) (vacating the federal district court's judgment due to intervening authority).[1]

**VACATED AND REMANDED.**

---

[1]Because we resolve this appeal on this basis, we need not and do not reach BNYM's alternative arguments.